IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACARDO JACKSON,

        Plaintiff,                    No. CIV S-07-2424 FCD GGH P

    vs.

SOLANO COUNTY SHERIFF, et al.,

        Defendants.            ORDER &

_____/    FINDINGS AND RECOMMENDATIONS

        Plaintiff, a Solano County Jail inmate, has filed a civil rights complaint, wherein he names two defendants, Solano County Sheriff Gary Stanton and K. Purcell, RN. Plaintiff alleges in a very general and abbreviated fashion that Solano County Jail medical staff have "failed to attend to my medical needs," parenthetically indicating that he suffers from high blood pressure. Form Complaint, p. 3. Plaintiff indicates that his completely undescribed efforts to obtain medical attention have been unavailing. Id. Plaintiff then rather conclusorily alleges that the medical staff is showing deliberate indifference to what he deems an excessive risk to his health. Id. The only relief sought by plaintiff is "immediate emergency injunctive relief."

        Although plaintiff seeks leave to proceed in forma pauperis in a civil rights action, plaintiff has failed to file all of the requisite the documents. See 28 U.S.C. § 1915 (a)(1) & (2). He must file a certified copy of his prison (or jail) trust account statement for the six month

1

1  period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  In
2  addition, the certificate portion of his application to proceed in forma pauperis has not been
3  completed.

4         Plaintiff will be provided the opportunity to submit a complete application in
5  support of his request to proceed in forma pauperis on the form provided by the Clerk of the
6  Court.  However, since plaintiff's complaint seeks immediate injunctive relief and may be
7  construed as a request for a temporary restraining order (TRO) and/or preliminary injunctive
8  relief, the court will address the deficient filing, first screening the complaint and then address
9  the injunctive relief requests.

10         The court is required to screen complaints brought by prisoners seeking relief
11  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
12  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
15  U.S.C. § 1915A(b)(1),(2).

16         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22  Cir. 1989); Franklin, 745 F.2d at 1227.

23         A complaint, or portion thereof, should only be dismissed for failure to state a
24  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
25  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
26  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

1  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
2  a complaint under this standard, the court must accept as true the allegations of the complaint in
3  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
4  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6          Plaintiff's allegations are simply too vague and conclusory to constitute a viable
7  claim of a violation of the Eighth Amendment for inadequate medical care.  In order to state a §
8  1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff
9  must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious
10 medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail,
11 plaintiff must show both that his medical needs were objectively serious, and that defendants
12 possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct.
13 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The
14 requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian,
15 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

16         A serious medical need exists if the failure to treat a prisoner's condition could
17 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
18 that a prisoner has a serious need for medical treatment are the following:  the existence of an
19 injury that a reasonable doctor or patient would find important and worthy of comment or
20 treatment; the presence of a medical condition that significantly affects an individual's daily
21 activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
22 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
23 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
24 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

25         In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
26 defined a very strict standard which a plaintiff must meet in order to establish "deliberate

3

indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).

In this case, plaintiff's allegations are so vague as to violate Rule 8 which requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.). Nor does plaintiff's sole claim for relief in the form

1  of a preliminary injunction adequately comply with Rule 8 as the appropriate ultimate relief to be
2  sought in a civil rights action is not set forth.
3        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
10 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
11 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
12 omits to perform an act which he is legally required to do that causes the deprivation of which
13 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
14       Moreover, supervisory personnel are generally not liable under § 1983 for the
15 actions of their employees under a theory of respondeat superior and, therefore, when a named
16 defendant holds a supervisorial position, the causal link between him and the claimed
17 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
18 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
19 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
20 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
21 Cir. 1982).
22       It is not enough for plaintiff to simply claim that he has high blood pressure, a far
23 from uncommon condition, and that in his estimate it is not being treated appropriately. Should
24 plaintiff seek money damages, he must set forth how defendants Stanton and Purcell have each
25 personally deprived him of adequate medical care and under what circumstances. Plaintiff's
26 vaguely framed claims against these defendants will be dismissed.

Should plaintiff seek prospective injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). In this case, plaintiff has not adequately implicated a state practice, policy or procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

6

1 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
2 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
3 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
4   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
5 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
6 amended complaint be complete in itself without reference to any prior pleading.  This is
7 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
8 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
9 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
10 original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.
12 Request for Immediate Injunctive Relief
13   TRO
14   The purpose in issuing a temporary restraining order is to preserve the status quo
15 pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a
16 temporary restraining order due to the fact that very few such orders can be appealed prior to the
17 hearing on a preliminary injunction.  It is apparent, however, that requests for temporary
18 restraining orders which are not ex parte and without notice are governed by the same general
19 standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.
20 Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
21 Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
22 Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
23 emphasis of the court is directed to irreparable harm and the balance of hardships because the
24 merits of a controversy are often difficult to ascertain and adjudicate on short notice.
25 \\\\\
26 \\\\\

Preliminary Injunction Standard

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's request for immediate injunctive relief is without adequate support. Plaintiff's allegations are altogether too vague, as previously noted, and he makes a deficient showing of an immediate and impending threat injury, much less irreparable harm on the basis of

those claims.  Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31, 89 S. Ct. 1562 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.  Thus, plaintiff does not make a significant showing of possible irreparable harm.

In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  In this matter, there remains, following the court's screening, no underlying complaint to weigh on the issue of likelihood of success on the merits.  This court must recommend denial of plaintiff's inadequately supported request for immediate injunctive relief.  Should plaintiff proceed to file an appropriate in forma pauperis affidavit which makes the requisite showing upon which the court can permit plaintiff to proceed in forma pauperis, as well as an amended complaint, which upon screening, the court determines sets forth colorable claims, plaintiff may then renew his request for immediate injunctive relief in a separate and adequately supported motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison/jail trust account statement for the six month period immediately preceding the filing of the complaint, as well as a new application with the certification portion properly filled out by the appropriate jail official;

2. The Clerk of the Court is directed to provide plaintiff with a new Application to Proceed In Forma Pauperis By a Prisoner;

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order;

4. Plaintiff's failure to comply with any portion of this order will result in a recommendation this action be dismissed without prejudice.

IT IS RECOMMENDED that plaintiff's request for "immediate emergency injunctive relief," filed on November 9, 2007, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/19/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
jack2424.ofr